IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY MITCHUM, and TODD GUSTAVSON | ) ) ) | |
| Plaintiff | ) ) | |
| | ) | Case No. |
| v. | ) ) | Judge |
| BARNES AUTOMOTIVE AND TRUCK SERVICE, INC. | ) ) ) | Magistrate Judge |
| Defendant | ) ) ) ) | |

**COMPLAINT**

Plaintiffs Jeffrey Mitchum, and Todd Gustavson through their attorneys, against Defendant Barnes Automotive and Truck Service, Inc., (hereafter "Defendant") state as follows:

### I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* for Defendant's: 1) failure to pay overtime wages to Plaintiffs in violation of the FLSA and the IMWL; and 2) Defendant's practice of making unlawful deductions from employee's wages. Defendant's unlawful compensation practices have had the effect of denying Plaintiffs and other similarly situated employees their earned and living wages. For the claims arising under the FLSA, Plaintiffs bring this suit as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b).

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over

Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred within this judicial district.

### III.     PARTIES

**<u>Plaintiffs</u>**

3.  During the course of his employment, Plaintiff Mitchum:

    a. handled goods that moved in interstate commerce;

    b. Was an "employee" of Defendant as that term is defined by the FLSA, IMWL and the IWPCA; and

    c. Has resided in and been domiciled in the state of Illinois and within this judicial district.

4.  During the course of her employment, Plaintiff Todd Gustavson:

    a. handled goods that moved in interstate commerce;

    b. Was an "employee" of Defendant as that term is defined by the FLSA, IMWL and the IWPCA; and

    c. Has resided in and been domiciled in the state of Illinois and within this judicial district.

**<u>Defendant</u>**

5.  Within the relevant time period, Defendant:

    a. Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

    b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the

      production of goods for commerce, within the meaning of Section 3(s)(1)(A);

c. Has had two or more employees that have handled goods that have moved in interstate commerce; and

d. Has been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq.*, and the IWPCA 115 ILCS 115/1 *et seq.*

## FACTUAL BACKGROUND

6. Within the three years prior to the filing of this lawsuit, Plaintiffs were employed by Defendant to work an hourly position as mechanics at Defendant's auto-repair shop.

7. Within the three years prior to the filing of this lawsuit, Defendant regularly directed Plaintiffs and similarly situated hourly employees to work in excess of forty hours per individual work weeks but Defendant failed to pay Plaintiffs at time and half Plaintiff's regular rate.

8. Defendant's failure to compensate Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours per week at Plaintiff's straight time rate violated the overtime requirements of the FLSA and the IMWL.

## COUNT I
### Violation of the Fair Labor Standards Act- Overtime Wages
*Section 216(b) Collective Action*

9. Plaintiffs incorporate and re-allege paragraphs 1 through 8 of this Complaint, as though set forth herein.

10. The matters set forth in this Count arise from Defendant's violation of the overtime provisions of the FLSA.

11. Defendant suffered or permitted Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendant.

12. Defendants likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendant in excess of forty (40) hours in individual work weeks but did not compensate them at time and a half their regular rate for all time worked.

13. Plaintiffs and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

14. Defendant violated the FLSA by failing to compensate Plaintiffs and other similarly situated employees' overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

15. Plaintiffs are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiffs filing this lawsuit because Defendant's violation was willful.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks.

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. That the Court declare that Defendant has violated the FLSA;

E. That the Court enjoin Defendant from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and Such other and further relief as this Court deems appropriate and just

## COUNT II
## Violation of the Illinois Minimum Wage Law- Overtime Wages
*Plaintiffs on behalf of themselves*

16. Plaintiffs incorporate and re-allege paragraphs 1 through 15 of this Complaint, as though set forth herein.

17. The matters set forth in this Count arise from Defendant's violation of the overtime wage provisions of the IMWL.

18. Defendant suffered or permitted Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendant.

19. Plaintiffs were not exempt from the overtime wage provisions of the IMWL and were entitled to be compensated at time and a half their regular rate of pay for all time worked in excess of forty hours per week.

20. Defendant violated the IMWL by failing to compensate Plaintiffs for all time worked in excess of forty (40) hours in individual work weeks at time and a half Plaintiffs' regular rate of pay.

21. Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. A judgment in the amount of all overtime wages due to Plaintiffs as provided by the IMWL;

B. Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendant has violated the IMWL;

D. That the Court enjoin Defendant from violating the IMWL

E. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act- Unlawful Deductions
*Plaintiff Mitchum on behalf of himself*

Plaintiff incorporates and re-alleges paragraphs 1 through 21 of this Complaint, as though set forth herein.

22. This Count arises from Defendant's violation of the IWPCA for its practice of unlawfully deducting the cost of alleged damage to vehicles or equipment at Defendant's shop resulting from alleged accidents in the workplace without the written consent of the employee at the time of the deduction.

23. Such deductions and fines (1) were not required by law; (2) were not to Plaintiff's benefit; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made with the express written consent of Plaintiff, given freely at the time the deductions were made.

24. Defendant's practice of making deductions from Plaintiff's wages without obtaining authorization for the deduction from Plaintiff at the time the deduction is made violated Section 9 of the IWPCA.

WHEREFORE, Plaintiff Mitchum prays for a judgment against Defendant as follows:

A. A judgment in the amount of all back wages due Plaintiff as provided by the IWPCA;

B. Prejudgment interest and penalties as provided for in the IWPCA;

C. Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 105/1 *et seq.*;

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: April 14, 2015

s/Christopher J. Williams

                                        Christopher J. Williams
                                        Alvar Ayala
                                        Workers' Law Office, P.C.
                                        53 W. Jackson Blvd., Suite 701
                                        Chicago, Illinois 60604
                                        (312) 795-9121

                                        Plaintiff's Attorneys